# United States Court of Appeals
### For the Eighth Circuit

———————————————————

No. 20-1575

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Sidney Glennard Hines

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Eastern

——————————

Submitted: January 11, 2021
Filed: June 1, 2021
[Unpublished]

——————————

Before LOKEN, GRASZ, and KOBES, Circuit Judges.

——————————

PER CURIAM.

In 2009, a jury convicted Sidney Hines of five crack cocaine-related offenses in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)-(C), 856. The district court determined that his advisory guidelines sentencing range was 292-365 months and sentenced Hines to 300 months imprisonment. Hines appealed, and we affirmed. United States v. Hines, 395 Fed. App'x 316 (8th Cir. 2010), cert. denied, 563 U.S.

982 (2011). In 2014, Hines moved for a reduced sentence under USSG Amendment 782. This Amendment, designed to reduce the disparity between crack and powder cocaine penalties under the Guidelines, reduced Hines's guidelines range to 235-293 months, with the bottom of the range "restricted" by the 240-month mandatory minimum sentence. See USSG § 5G1.1(c)(2) and comment. The district court reduced his sentence to 247 months.

In 2020, Hines moved for a sentence reduction under Section 404 of the First Step Act. Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). After briefing, the district court[1] determined that Hines was eligible for First Step Act relief, reduced his term of supervised release by two years, but exercised its discretion and declined to reduce the imprisonment sentence because, "if the purpose of the First Step Act is to give retroactive application to the Fair Sentencing Act, the defendant has received that benefit together with the benefit of Guideline Amendment 782." Hines appeals. Reviewing the decision to grant or deny an authorized sentence reduction for abuse of discretion, we affirm. See United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019) (standard of review).

On appeal, Hines advances several arguments our recent decisions have rejected. The district court did not err by misapprehending its broad First Step Act discretion or by failing to affirmatively analyze the 18 U.S.C. § 3553 sentencing factors. See United States v. Holder, 981 F.3d 647, 649-50 (8th Cir. 2020). The court was not required to make an affirmative statement acknowledging its discretion, United States v. Booker, 974 F.3d 869, 871 (8th Cir. 2020), nor to "respond to every argument made by defendant or recite each section 3553 factor." United States v. Williams, 943 F.3d 841, 844 (8th Cir. 2019). The court needed only to "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

and has a reasoned basis for exercising [its] own legal decisionmaking authority." Booker, 974 F.3d at 871, quoting Rita v. United States, 551 U.S. 338, 356 (2007).

Hines further argues that the district court committed two procedural errors. First, he argues the court "fail[ed] to ensure that Mr. Hines's present-day guideline calculation was correct" by taking into account the Sentencing Commission's elimination of "recency" points in USSG Amendment 742, which would lower his Amendment 782 amended range from 235-293 months to 210-262 months. This contention is without merit. Reducing the amended guidelines range under Amendment 742 would not have affected the extent of the district court's discretion under the First Step Act because the court expressly recognized that the Fair Sentencing Act reduced Hines's mandatory minimum sentence to 10 years (120 months). More important, Amendment 742 is not retroactive. See United States v. Johnson, 703 F.3d 464, 466 (8th Cir. 2013). Thus, it would not have applied "if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed" in 2009. First Step Act § 404(b).

Second, Hines argues the district court erred in concluding he received the full benefit of Amendment 782 because the revised guidelines range under Amendment 782 was 235-293 but was "increased from 235 at the bottom of the range to 240, due to the § 841(b)(1)(A) mandatory minimum." There was no error, procedural or otherwise. Section 5G1.1(c)(2) expressly provides that the mandatory minimum *is the bottom of the range.* Of course, the district court had First Step Act discretion to increase the proportional benefit it had granted under Amendment 782 in 2014. But it was not obligated to do so, nor was it obligated to begin its First Step Act analysis with an artificial recalculation of its prior Amendment 782 range.

The district court made no procedural error in determining the amended guidelines range under the Fair Sentencing Act, and its statement that the prior reduction under Amendment 782 achieved the purposes of the First Step Act provided

-3-

the appellate court "a reasoned basis for exercising his own legal decisionmaking authority." <u>Booker</u>, 974 F.3d at 871, quoting <u>Rita</u>, 551 U.S. at 356.

The Order of the district court dated March 6, 2020 is affirmed.

_____